# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LARIOS-SERNAS,<br><br>                         Petitioner,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>                        Respondent. | CASE NO. 07cv722 BTM<br>              03cr2564 BTM<br><br>**ORDER DENYING PETITIONER'S MOTION PURSUANT TO § 2255** |

      Petitioner is presently serving a term of imprisonment of 108 months pursuant to a sentence imposed by this Court on October 20, 2005. On April 19, 2007, Petitioner filed the present motion to correct his sentence. He claims that the Court misapplied the sentencing guidelines in determining his sentence. Specifically, he claims that the Court employed a base offense level of 34, when the appropriate base offense level was 32.

      On May 27, 2005, Petitioner pled guilty, pursuant to a plea agreement, to one count of distributing 50 grams or more, to wit, approximately 110.7 grams (actual), of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on September 20, 2002. Petitioner's motion correctly indicates that the base offense level for distribution of 110.7 grams (actual) of methamphetamine would have been 32 under the applicable guidelines. See U.S. Sentencing Guidelines Manual §2D1.1(c)(4) (2001 & 2004) ("at least 50 G but less than 150 G of Methamphetamine (actual)"). However, Petitioner's plea agreement also required that he admit, for purposes of relevant conduct, to possession of

an additional 62.1 grams (actual) of methamphetamine on September 25, 2002. [See Doc. #83 at 3.] Petitioner admitted that he, along with his co-defendant, delivered this additional methamphetamine to another individual. Petitioner and his counsel both executed the plea agreement on May 24, 2005 and Petitioner's signature indicated his affirmation, under penalty of perjury, that the facts in the "factual basis" paragraph, including this additional relevant conduct, were true. [Id. at 10.] When this additional methamphetamine is included, the total methamphetamine involved equals 172.8 grams and the base offense level is properly determined to be 34. See U.S. Sentencing Guidelines Manual §2D1.1(c)(3) (2001 & 2004) ("at least 150 G but less than 500 G of Methamphetamine (actual)"). Petitioner's own sentencing memorandum and sentencing summary chart reference the drug quantity as 172.8 grams and suggest a base offense level of 34. [Doc. #87 at 6; Doc #92.]

Moreover, this base offense level was specifically agreed to in Petitioner's plea agreement. [Doc. #83 at 6.] As part of the plea agreement, Petitioner agreed to waive any right to collaterally attack his conviction or sentence unless the Court imposed a sentence greater than the high end of the guideline range recommended by the Government pursuant to the agreement. [Id. at 8.] The agreement contemplated a total offense level of 31, based upon a 3-point reduction for acceptance of responsibility. Although there was no agreement as to Petitioner's Criminal History Category, both parties suggested in their respective sentencing summary charts that Criminal History Category III was applicable. [See Docs. #91,92] As a Category III, Petitioner's guideline range for offense level 31 would have been 135-168 months. Since the Court ultimately sentenced Petitioner to 108 months, significantly less than the high end of the guideline range called for by the plea agreement, Petitioner's waiver of collateral attack bars his present motion.

In addition, Petitioner's motion also appears to be barred by the relevant statute of limitations. Judgment of Petitioner's conviction was entered on October 25, 2005 and became final 10 days later, when his time for appeal elapsed. Fed. R. App. P. 4(b)(1)(A)(I). Since a motion under 28 U.S.C. § 2255 must be filed within 1-year of the date on which the judgment of conviction becomes final, Petitioner's April 19, 2007 filing would appear to be

clearly time-barred. However, the Court need not reach this issue because, as explained above, Petitioner specifically waived his right to collateral attack in his plea agreement.

Based upon a review of Petitioner's motion, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this Court finds that Petitioner is plainly not entitled to relief. Therefore, the motion is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: May 21, 2007

_____
Hon. Barry Ted Moskowitz
United States District Judge